E-FILED
Wednesday, 22 April, 2015 10:58:09 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDRE WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-3049 |
| | ) | |
| ASHLEY PALUSKA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and civilly committed at Rushville Treatment and Detention Facility, brings the present lawsuit pursuant to 42 U.S.C. § 1983 challenging the state court proceedings that resulted in his confinement. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff is a resident at Rushville Treatment and Detention Facility pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. 207/1 *et seq*. In his Complaint, Plaintiff alleges that the very fact of his confinement violates the Eighth and Fourteenth Amendments because the underlying state court proceedings were unlawful, fraudulent, and a result of malicious prosecution. Each defendant named, Plaintiff alleges, played some role in those state court proceedings: Defendant Mchal was the hearing judge; Defendant Welkie was the Assistant State's Attorney; Defendant Kopec was Plaintiff's attorney; and, Defendant Paluska conducted the evaluation upon which the court's findings were based.

When a state prisoner, or a civilly committed detainee, seeks damages in a suit under section 1983, the Court "must consider whether a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence . . . ." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see Thomas v. Schmitt*, 380 Fed. Appx. 549, 550 (7th Cir. 2010) (applying *Heck* to civil commitment proceedings). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. This requirement "is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief—challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

Plaintiff alleges that the state court judge improperly allowed the State to file a motion to reconsider in Plaintiff's commitment proceedings; that Defendant Paluska, with the assistance of Defendant Welkie, lied in her evaluation; and, that Defendant Kopec "sold him out" by not pursuing an appeal. These allegations, if true, would necessarily imply that the underlying commitment proceedings were invalid. According to court records, and referenced in the Complaint, Plaintiff has not yet been successful in a federal habeas action on this issue. *See Winston v. Scott*, No. 14-3195 (C.D. Ill. filed July 1, 2014) (dismissed without prejudice). Therefore, Plaintiff's § 1983 claim is barred under the *Heck* doctrine. If Plaintiff seeks to challenge his civil confinement, he must do so under the federal habeas statute, 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED that:**

> **1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot.**

**2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.**

**3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

**4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 22nd day of April, 2015.

                     *s/James E. Shadid*
                    JAMES E. SHADID
            UNITED STATES DISTRICT JUDGE